UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIGI GIROTTO, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 3:26-cv-00279-SFR |
| | : |
| POKE BOBA, a Connecticut Corporation, | : |
| d/b/a POKE BOBA, and 360 GREENWICH | : May 26, 2026 |
| AVENUE ASSOCIATES LLC, a Connecticut | : |
| limited liability company, | : |
| | : |
| Defendants. | : |
| | : |

## JOINT 26(F) REPORT OF PARTIES' PLANNING MEETING

**Date Complaint Filed:** 2/23/2026

**Date Complaint Served:** 4/14/2026 and 4/17/2026

**Date of Defendants' Appearance:** 4/20/2026 and 5/08/2026

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, on May 25-26, 2026, the parties discussed the matters herein and exchanged drafts of this Report. The participants were:

|  | |
|---|---|
| _____ | Bradley Weitz, Esq., counsel for Luigi Girotto |
| | Joshua D. Levin-Epstein, Esq., counsel for Poke Boba |
| _____ | Gerard N. Saggese, III, Esq., Carmody Torrance Sandak & Hennessey LLP, counsel for 360 Greenwich Avenue Associates LLC |

I.    Certification

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan.

1

Counsel further certify that they have forwarded a copy of this report to their clients.

II.    Jurisdiction

A.    Subject Matter Jurisdiction

i.    **Plaintiff's Position Statement**

Plaintiff invokes the jurisdiction of the Court pursuant to 28 U.S.C. §1331 and §343, also, pursuant to 28 U.S.C. §1391(b),  Plaintiff also invokes supplemental jurisdiction over Plaintiff's claims under the 2024 Connecticut General Statutes Title 46a, Human Rights Chapter 814c, Human Rights and Opportunities Section § 46a-64 (formerly Sec. 53-35) ("HROS").

ii.    **Defendants' Position Statement**

Plaintiff's *sole* federal claim under the ADA is subject to dismissal on, *inter alia,* two (2) independent grounds.  First, the Plaintiff's failure to state a claim for relief under the ADA warrants dismissal of the Complaint.  The Complaint's formulaic recitations of the ADA are insufficient as a matter of law to state a claim under Title III of the ADA.  Second, the Plaintiff lacks standing to seek injunctive relief under the ADA because, *inter alia,*  he has suffered no injury-in-fact and Plaintiff's allegations lack any specificity of his prior visit that would support an inference that he would return.

Assuming *arguendo* federal question jurisdiction exists, the Court has discretion whether to retain supplemental jurisdiction over related state-law claims, even if it has dismissed all federal claims. By contrast, a district court has no such discretion when it properly dismisses, pursuant to Rule 12(b)(1), all federal claims.

B.    Personal Jurisdiction

Personal Jurisdiction is not contested

III.    Brief Description of Case

A.    Claims of Plaintiff:

This is an action for declaratory and injunctive relief, pursuant to Article III of, of the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12181, et. seq., alleging violation of the ADA and the 2024 Connecticut General Statutes Title 46a, Human Rights Chapter 814c, Human Rights and Opportunities Section § 46a-64 (formerly Sec. 53-35) ("HROS").

B.    Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims)(either pled or anticipated) of Defendants:

**i.    Defendant Poke Boba's Position Statement**

Defendant Poke Boba denies the allegations in the Complaint and has asserted a number of affirmative defenses.  [*See* Dckt. No. 21].

**ii.    Defendant 360 Greenwich Avenue Associates' Position Statement**

The Complaint is rife with conclusory allegations, contains minimal actual facts, and is a virtual carbon copy of a number of other complaints filed by Plaintiff in this District against local Greenwich properties and tenants.  Here, Plaintiff does not plausibly allege that he personally suffered an injury that is concrete, particularized and actual or imminent to permit him to have standing to bring these claims.  Moreover, Defendant 360 Greenwich Avenue Associates denies the allegations against it, and asserts a number of affirmative defenses including, but not limited to, that the barrier removal Plaintiff seeks is not readily achievable and able to be carried out without much difficulty or expense when accounting for the cost of removal and effect on operations.

3

IV.     Statement of Undisputed Facts

Counsel and self-represented parties certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.

The parties are unable to agree on any undisputed facts, at this time.

V.     Case Management Plan:

A.     Initial Disclosures

Initial disclosures will be served by  6/9/26     .

B.  Scheduling Conference

1.     The parties **[request]** to be excused from holding a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.     The parties prefer that a scheduling conference, if held, be **[by telephone].**

3.     The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement **[may be facilitated by use of the following procedure]:** Settlement discussions among the parties, or early Mediation through the Court if not productive.                                                              .

4.     The parties [**request**] an early settlement conference.

Plaintiff's first choice is for an early Mediation.

Defendant Poke Boba respectfully requests the scheduling of a virtual settlement conference

Defendant 360 Greenwich Avenue Associates would prefer an in-person settlement conference but will agree to a virtual conference if that is the preference of the Court and all other parties.

4

5.      The parties prefer a settlement conference, when and if such a conference is held, with **[a magistrate judge]**.

6.      The parties [**do not request**] a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

Plaintiff requests Mediation as an alternative dispute resolution mechanism

Defendant Poke Boba respectfully requests the scheduling of a virtual settlement conference

Defendant 360 Greenwich Avenue Associates would prefer an in-person settlement conference but will agree to a virtual conference if that is the preference of the Court and all other parties

C.      Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings

The parties have discussed any perceived defects in the pleadings and have reached the following agreements for resolution of any issues related to the sufficiency of the pleadings.

1.      Plaintiff(s) should be allowed until [**6/25/26**] to file motions to join additional parties and until [**6/25/26**] to file motions to amend the pleadings.  Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules; a showing of good cause for the delay.

2.      Defendant(s) should be allowed until [**7/24/26**] to file motions to join additional parties and until [**7/24/26**] to file a response to the complaint, or any amended complaint.  Motions filed after the foregoing dates will require, in addition to any other requirements under the applicable rules, a showing of good cause' for the delay.

5

D.    Discovery

a.    Recognizing that the precise contours of the case, including the amounts of damages at issue, if any, may not be clear at this point in the case, in making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).  At this time, the parties wish to apprise the Court of the following information regarding the "needs of the case" :

Plaintiff's Position:  Nothing beyond the scope of the Rule.

Defendants' Position (if different): Defendants respectfully requests that Plaintiff provide a HIPAA disclosure statement by **6/26/2026**.

Plaintiff does not believe in providing a HIPPA disclosure statement at this or any time, as this is not a personal injury case.

b.    The parties anticipate that discovery will be needed on the following subjects:

Plaintiff: Handicap accessibility, ADA violations and non-compliance

Defendants:  Plaintiff's disability, residence, intention to visit the premise, actual visit(s) to the premises, access thereto and enjoyment thereof, and intention to visit the premises in the future.

c.    All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ.P. 26(b)(4), will be commenced by [**9/10/26**] and completed (not propounded) by [**2/9/27**].

d.    Discovery [**will**] be conducted in phases.

e.    If discovery will be conducted in phases, describe each phase and state the date by which it will be completed by

Fact Discovery, Expert Discovery, Expert Disclosures and Reports

f.    The parties anticipate that the plaintiff(s) will require a total of 3-5 depositions of fact witnesses and that the defendant(s) will require a total of 3-

depositions of fact witnesses.  The depositions will commence by [**9/10/26**] and be completed by [**2/9/27**].

g.       The parties **[will not]** request permission to serve more than 25 interrogatories.

h.       Plaintiffs **[intends]** to call expert witnesses at trial.  Defendants **[intend]** to call expert witnesses at trial.

i.       Parties will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **[10/23/26]**.  Depositions of any such experts will be completed by **[3/9/27]**.  Rebuttal experts shall be disclosed by **[4/9/27]**, with depositions of such rebuttal experts being completed by **[7/9/27]**.

j.       A damages analysis will be provided by any party who has a claim or counterclaim for damages by **[6/10/26].**

k.       Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.

Plaintiff: N/A

7

Defendants: No discussion has been had on this topic.

l.       Undersigned counsel (after consultation with their clients) have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms.  The parties agree to the following procedures for the preservation, disclosure and management of such information:

Plaintiff: N/A.

Defendants: No discussion has been had on this topic.

m.       Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production:

Plaintiff: Plaintiff will produce a Privilege Log where necessary.

Defendants: No discussion has been had on this topic.

E.       Other Scheduling Issues

The parties propose the following schedule for addressing other issues pertinent to this case [e.g., class certification, claim construction]:

Plaintiff: N/A

Defendants: No other scheduling issues exist at this time, but to the extent they do arise, Defendants will raise them first with Plaintiff, then the Court if the parties are unable to attend to the issues on their own.

F.       Summary Judgment Motions:

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before  **[8/9/27]**.

G.       Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by **[9/13/27]** or per Court Order.

## VI.    TRIAL READINESS

The case will be ready for trial by **[9/27/27]**.

1As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff

By  B. Bradley Weitz, Esq.            Date:   5/22/26

Defendant 360 Greenwich Avenue Associates LLC

By   Gerard N. Saggese , III, Esq.        Date: 

Defendant Poke Boba

By Joshua D. Levin-Epstein, Esq.       Date: 

4897-6413-32 1